**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Vaclav Ondrisek, | Case No. 2:25-cv-01346-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| United States Department of Homeland Security, et al., | |
| Defendants. | |

Pro se Plaintiff Vaclav Ondrisek brings this lawsuit and moved to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them at ECF No. 5. Accordingly, this Court will grant his request to proceed *in forma pauperis* at ECF No. 1. This Court now screens Plaintiff's complaint (ECF No. 1-1).

**I.    SCREENING**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff attempts to bring a claim under the Administrative Procedure Act (APA) to seek the return of $6,000 (or $7,000) dollars he posted as bond in his immigration case. He alleges he posted this amount in 2002 or 2003 in order to be released from immigration custody. He alleges he recently learned that DHS claims he breached the bond in 2011. But he maintains he was never in breach of the bond requirements. Moreover, he alleges he was never notified of such breach or provided an opportunity to respond.

Because the APA does not contain a specific statute of limitations, courts who have considered challenges to a regulation under the APA have adopted the six-year general civil action statute of limitations contains in 28 U.S.C. § 2401(a). *See Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir.1988). Plaintiff alleges that he recently found out that DHS believes (incorrectly) that he breached the bond conditions back in 2011. But Plaintiff does not allege any facts explaining why he waited until 2025 to bring this claim. That is, if his contention is that he never breached the bond conditions, then Plaintiff should have brought this claim as soon as he was no longer subject to the bond. He does not allege any facts regarding when the money should have been returned or why he waited until 2025 to bring this claim. While it appears that this

claim may be barred by the statute of limitations, this Court will dismiss the claim with leave to amend.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that the clerk of court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, he must do so by March 23, 2026. Failure to file an amended complaint in accordance with this order will result in a recommendation that this case be dismissed.

DATED: February 23, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

3